COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


JANIE ELIZABETH HOLMAN
                                         MEMORANDUM OPINION[*]
v.   Record No. 0028-97-3                     PER CURIAM
                                            MAY 27, 1997
SOUTHWESTERN VIRGINIA
 MENTAL HEALTH INSTITUTE


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Lawrence L. Moise, III; Vinyard & Moise, on
                brief), for appellant.

                (James S. Gilmore, III, Attorney General;
                James W. Osborne, Assistant Attorney General,
                on brief), for appellee.


        Janie Holman (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that

(1) she failed to prove she remained totally disabled as a result

of her compensable August 1, 1990 injury by accident; and (2) she

failed to prove that she marketed her residual capacity.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

"General principles of workman's compensation law provide that

'[i]n an application for review of any award on the ground of

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's change in condition application and finding that her evidence failed to establish that she could not return to any form of employment, the commission found as follows:

> Dr. [Neal A.] Jewell, who has treated the claimant since 1991, has indicated that she can return to some form of employment, albeit not her preinjury work.  We are not persuaded by Dr. [William E.] Kennedy's opinion, nor that of his referral, Dr. [Norman E.] Hankins.  The general rule is that, when an attending physician is positive in his diagnosis, great weight will be given by the courts to his opinion.  Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 339 S.E.2d 570 (1986).  Additionally, Drs. Kennedy and Hankins base their opinions on x-rays taken in 1994, instead of more recent studies.  Based on Dr. Jewell's opinion, we find that the claimant has residual capacity.  As she has failed to market this capacity, she is not entitled to benefits.

The commission's findings are supported by Dr. Jewell's

medical records and opinions.  As fact finder, the commission was entitled to accept Dr. Jewell's opinions and to reject the contrary opinions of Drs. Kennedy and Hankins.  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).  We find no merit in claimant's argument that the commission was required to accept Dr. Hankins' opinion because he was the sole vocational expert.  Nothing in the record indicates that Dr. Jewell was not qualified to render an opinion regarding claimant's ability to work.

Based upon this record, we cannot say as a matter of law that claimant's evidence sustained her burden of proof.  Accordingly, we affirm the commission's decision.

Affirmed.